for leave to amend the answer so as to set up that plaintiff sold the goods in the name of T. & Co., in violation of the statute against fictitious firms. Laws of 1833, ch. 281. *Held*, that the refusal of the special term to allow the amendment was proper, the defense not being meritorious.

APPEAL from an order of the special term denying leave to amend so as to set up the defense of the statute against fictitious partnerships. Laws 1833, ch. 281. The case upon a former appeal is reported *ante*, page 118, where the facts are stated.

*E. D. McCarthy*, for appellant.

*D. M. Porter*, for respondent.

BRADY, J.

The head-note gives the substance of the opinion.

*Order affirmed.*

---

## WILLIS v. WEAVER, appellant.

*Verdict against the weight of evidence — Vendor and purchaser — services and expenses in managing property.*

Where it appears to the court from the evidence, that a verdict has been rendered for the plaintiff for a sum largely in excess of any just claim on his part, the judgment will be reversed on appeal, unless it can be modified by reducing it to what seems to be the fair and reasonable amount, at the plaintiff's election, so as to avoid the expense and delay of a new trial. But if the court is unable to fix upon items so clearly recoverable as to warrant a modification of the verdict, to make it conform to them, a new trial will be ordered.

The defendant being the plaintiff's surety, the latter, to indemnify him against a contingent liability as such for some $10,000, conveyed to him by deed a tract of land with the understanding that whatever should be ultimately realized, beyond such indemnity and incumbrances and liens, and the expenses the defendant might be subjected to in the management and disposition of the property, should be paid to the plaintiff. From the date of this conveyance the plaintiff had the management and disposition of the property for ten or twelve years. *Held*, that his services in so doing were a part of the *expenses* contemplated and provided for, and were not a just debit against the defendant, without at the same time being a fair credit in his favor.

APPEAL from a judgment in favor of plaintiff entered upon a verdict, and from an order denying a new trial. The action was brought

by Anson Willis against James Weaver, to recover for the amount of the consideration of a conveyance of real estate unpaid, and for services in disposing of the real estate in question, and other real estate.

*Chambers & Pomeroy,* for appellants.

*Brainard & Rice,* for respondents.

DAVIS, P. J.

The only points passed upon in the opinion appear fully in the head-note. The case involved chiefly a disputed question of the state of facts.

*Judgment reversed and new trial ordered.*

---

CONTINENTAL BANK NOTE COMPANY V. INDUSTRIAL EXHIBITION COMPANY, appellants.

*Reference — compulsory of long account.*

In an action for work, labor and services done in engraving a quantity of bonds, coupons and certificates, and for materials furnished, the answer consisted of a general denial, an admission of the delivery of certain bonds and certificates, leaving the plaintiff "to prove the amount, character and value thereof," and a counter-claim. The plaintiff, on moving for a reference, made an affidavit in which it was stated, positively, that the trial of the action would require the examination of a long account. *Held,* that as the answer put the plaintiff to proof of the demand made in the complaint, and as the plaintiff's affidavit was in no way contradicted on the part of the defendant, the court had sufficient before it to justify the ordering of a reference.

APPEAL from an order referring the action to a referee to hear and determine the whole issues.

*John L. Cadwallader,* for appellant.

*Joseph J. Marrin,* for respondent.

DANIELS, J.

The head-note fully states the only point passed upon in the opinion.

*Order affirmed.*